```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
                                    )
LOESTRIN 24 FE ANTITRUST            )    C.A. No. 1:13-md-02472-S
LITIGATION                          )
                                    )
_____)

**<u>PRELIMINARY CASE PRACTICE AND PROCEDURE ORDER</u>**

WILLIAM E. SMITH, United States District Judge.

This preliminary case management order, and subsequent such orders, shall govern the practice and procedure in those actions transferred to this Court by the United States Judicial Panel on Multidistrict Litigation, pursuant to a Transfer Order filed on October 3, 2013 (ECF No. 1).[1]  To aid in the proper administration of this complex matter, IT IS HEREBY ORDERED:

1) Initial Conference

   a. Counsel shall appear for an initial status conference on November 4, 2013 at 1:00 p.m. in the United States Courthouse Jury Assembly Room – first floor – One Exchange Terrace, Providence, Rhode Island.

   b. Service List.  This order is being distributed to those persons identified on the dockets for the matters listed

---

[1] These actions are: (1) 1:13-cv-02476; (2) 1:13-cv-02473; (3) 1:13-cv-02475; (4) 1:13-cv-00347; (5) 1:13-cv-02474; and (6) 1:13-cv-00307.  This order will also apply to related matters that may be filed in this Court or transferred to this Court by the Judicial Panel on Multidistrict Litigation hereafter, including, but not limited to, 1:13-cv-00695.

in Footnote 1 on the CM/ECF Electronic Document Filing System for the District of Rhode Island. Counsel on this list shall forward a copy of the order to any attorneys who should be notified of the conference but are not presently on the list. Counsel are instructed to file, by email to the calendar clerk, Ryan Jackson (ryan_jackson@rid.uscourts.gov), a list of attorneys affiliated with this litigation who should be included on a service list for future use. An attorney representing multiple parties should be included on this list only once.

2) Purposes and Agenda

   a. The conference will be held for the purposes generally identified in Federal Rules of Civil Procedure 16 and 26(f).

   b. Specific matters to be discussed are contained in a tentative agenda, appended as **Attachment A**. Counsel should be prepared to discuss all issues listed in this agenda, and are encouraged to advise the Court by email to the calendar clerk, no later than October 30, 2013, of any items that should be added to the agenda.

3) Preparations for Conference

   a. Counsel are expected to familiarize themselves with the most recent edition of the *Manual for Complex Litigation*

2

and should be prepared at the conference to discuss procedures that will facilitate the just, speedy and inexpensive resolution of this matter.  Counsel are also expected to be familiar with the Local Rules of the District of Rhode Island, which will apply in this case unless otherwise directed by the Court.

b. Pre-Conference Obligation to Meet and Confer.  Prior to the conference, counsel shall confer and seek consensus to the extent possible with respect to the matters listed in the agenda, as well as a suggested schedule under Rule 16(b).

c. Pre-Conference Statement of the Case.  Prior to the conference, counsel shall submit to the Court <u>by email to the calendar clerk</u> (and not filed on CM/ECF) a brief, consolidated (one for plaintiffs; one for defendants) written statement indicating their preliminary understanding of the facts involved and the critical factual and legal issues (not to exceed 10 pages).  These statements are meant to be an aid to the Court and are nonbinding, will not waive any claims or defenses, and may not be offered into evidence in later proceedings.  These statements shall list any pending motions, and related cases, if any, currently pending in state or federal court, and their current status, if known.

    d.   To assist the Court in identifying any issues of recusal and disqualification of the Magistrate Judge, counsel will submit to the Court prior to the conference by email to the calendar clerk a list of all companies affiliated with the parties and all counsel associated with the litigation. See Fed. R. Civ. P. 7.1. Further, counsel shall inquire of their clients whether any legal advice or opinions have been sought in connection with the subject matter of these cases from Edwards Wildman Palmer LLP, and if so, shall notify the Court by letter (such a notification may be submitted ex parte if so desired) by October 30, 2013.

4) Attorney Admission

    a.   All attorneys who wish to be admitted for purposes of this case shall comply with Local Rule 204 and shall file an appropriate motion for admission prior to the conference.

    b.   All attorneys who have been admitted to this Court shall complete and file a CM/ECF attorney registration form prior to the conference. Forms can be found on the Court's website: www.rid.uscourts.gov.

    c.   For the time-being, parties to these actions shall not be required to obtain local counsel in the District of Rhode Island and the requirements of Local Rule 204(e) are temporarily waived as to any attorney appearing in these

   actions who is admitted to practice before any United States court. This issue will be discussed further at the conference.

5) Electronic Filing and Document Captioning

   a. All documents filed in the multidistrict litigation shall be filed electronically on the Court's CM/ECF system online at ecf.rid.uscourts.gov.

   b. All documents filed in these actions shall be styled in the same manner as this order, with the docket number 1:13-md-02472-S, and shall be filed in that case. If the document relates to all actions, the docket number shall be followed with the notation "ALL CASES." If the document does not relate to all actions, the individual docket number(s) of those action(s) to which the document relates shall also be listed.

   c. The Court expects to require the filing of a consolidated complaint and may make other directives to avoid and reduce duplicative filings. All counsel are expected to make every effort to avoid duplicate filings. Any filing in these matters that is substantially identical to any other filing in these matters shall be sufficient if it incorporates by reference the filing to which it is substantially identical. Where counsel for more than one

party intend to file substantially identical documents, they shall join in the submission of a single filing.

Providence, Rhode Island
October 25, 2013

                                        IT IS SO ORDERED.

                                        */s/ William E. Smith*
                                        William E. Smith
                                        U.S. District Judge

**ATTACHMENT A**

TENTATIVE AGENDA

1. Introduction of participants;

2. Overview of the case – each side shall have 10-15 minutes to summarize the case merits/procedures, etc.  Counsel shall determine who will present for each side;

3. Expectations regarding additional cases to be consolidated;

4. Schedule for filing of consolidated complaint;

5. Schedule for possible Motion(s) to Dismiss and/or Answer;

6. Application process for appointment of lead counsel and discussion of whether appointment of separate lead counsel for different cases will be necessary;

7. Waiver of Local Rule 204(e) regarding local counsel requirement;

8. Settlement process, including timing and selection of a mediator;

9. Discussion of pending and/or anticipated motions;

10. Discussion of discovery schedule with specific attention to e-Discovery issues and the role of the Magistrate Judge;

11. Utilization of monthly status reports regarding progress of discovery, motions pending, settlement, etc.;

12. Expert discovery – expected experts, discovery, Daubert issues;

13. Class certification schedule and process;

14. Discussion of issues related to summary judgment motions;

15. Other issues identified by counsel.